Scott Edward Cole, Esq. (S.B. #160744)
Clyde H. Charlton, Esq. (S.B. #127541)
Matthew R. Bainer, Esq. (S.B. #220972)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Suite 950
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web:      www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA A. MOORE, individually, and on behalf of all others similarly situated, | Case No.: C 04-03731 TEH |
| Plaintiffs, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL** |
| vs. | |
| ALBERTSON'S, INC., and DOES 1 through 25, inclusive, | |
| Defendants. | Date:   February 27, 2006<br>Time:   10:00 a.m.<br>Judge:  Thelton E. Henderson |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION FOR FINAL APPROVAL OF SETTLEMENT . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  SUMMARY OF SETTLEMENT TERMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.   CLASS ACTION SETTLEMENT APPROVAL PROCEDURE . . . . . . . . . . . . . . . . 3

V.    THE SETTLEMENT MERITS FINAL APPROVAL . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.   The Settlement is Presumed to Be Fair . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      B.   All of the Relevant Criteria Support Final Approval of the Settlement . . . . . . . . 7

           1.   The Value of the Settlement Favors Final Approval . . . . . . . . . . . . . . . . 7

           2.   The Risks Inherent in Continued Litigation Against Defendant Favors
                Final Approval . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

           3.   Adequate Discovery and Investigation Were Completed Prior to
                Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

           4.   The Complexity, Expense and Likely Duration of Continued Litigation  10

           5.   The Experience and Views of Counsel Favor Final Approval . . . . . . . . 11

           6.   Class Members' Reaction Favors Final Approval . . . . . . . . . . . . . . . . . 11

VI.   THE COURT-ORDERED NOTICE PROGRAM IS CONSTITUTIONALLY SOUND
      AND HAS BEEN FULLY IMPLEMENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VII.  AN AWARD OF ATTORNEYS' FEES AND COSTS AS PROVIDED UNDER
      THE SETTLEMENT IS FAIR AND REASONABLE . . . . . . . . . . . . . . . . . . . . . . . 13

      A.   The Trial Court has Wide Discretion Over the Amount of the Fee Award . . . . . 13

      B.   The Fee Request Comports With the Standard Awards Issued
           By Other Courts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      C.   The Requested Award is Supported by the Factors Courts Consider
           When Approving Requests for Attorneys' Fee Awards . . . . . . . . . . . . . . . . . 15

           1.   Time and Labor Required . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

           2.   Contingent Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

3.   Preclusion of Other Employment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

4.   The Experience, Reputation and Ability of Counsel, and the Skill
They Displayed in Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

5.   The Results Achieved . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

6.   The Informed Consent of the Client . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

D.   Class Counsel's Costs are Reasonable and Were Incurred to Benefit the Class. . .18

VIII.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and
Costs to Class Counsel

# TABLE OF AUTHORITIES

**CASES**                                                                    **Page(s)**

Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.
    (S.D.N.Y. 1979) 480 F.Supp. 1195                          14

Blum v. Stenson
    (1984) 465 U.S. 886, 104 S. Ct. 1541                         14

Boyd v. Bechtel Corp.
    (N.D. Cal. 1979) 485 F. Supp. 610                            9, 11

Byrd v. Civil Serv. Comm'n
    (1983) 459 U.S. 1217                                         5

Church v. Consol. Freightways, Inc.
    (N.D. Cal. 1993) No. C-90-2290-DLJ, 1993 U.S. Dist. LEXIS 6439   6

Class Plaintiffs v. City of Seattle
    (9th Cir. 1992) 955 F.2d 1268                                3, 6, 11

Eisen v. Carlisle & Jacquelin
    (1974) 417 U.S. 156, 94 S. Ct. 2140                          12

Ellis v. Naval Air Rework Facility
    (N.D. Cal. 1980) 87 F.R.D. 15                                7, 11

Girsh v. Jepson
    (3d Cir. 1975) 521 F.2d 153                                  9, 10

Greene v. Emersons Ltd.
    (S.D.N.Y. 1987) Fed. Sec. L. Rep. 93263                      14

Hanlon v. Chrysler Corp.
    (9th Cir. 1998) 150 F.3d 1011                                3, 5

In re Beverly Hills Fire Litig.
    (E.D. Ky 1986) 639 F. Supp. 915                              18

In re Cenco, Inc. Secs. Litig.
    (N.D. Ill. 1981) 519 F. Supp. 322                            17

In re GNC Shareholder Litigation:  All Actions
    (W.D. Pa. 1987) 668 F. Supp. 450                             18

In re Southern Ohio Correctional Facility
    (S.D. Ohio 1997) 175 F.R.D. 270                              8

In re Synthroid Marketing Litigation
    (7th Cir. 2001) 264 F.3d 712, 718                            16, 17

In re United Energy Corp. Sec. Litig.
    (C.D. Cal. 1989) 1989 WL 73211                               18

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and
Costs to Class Counsel

In re Warner Communications Sec. Litig.
        (S.D.N.Y. 1985) 618 F. Supp. 735, aff'd (2d Cir. 1986) 798 F.2d 35        9, 10, 18

In re Wash. Pub. Power Supply Sys. Sec. Litig.
        (D. Ariz. 1989) 720 F. Supp. 1379, aff'd sub nom., Class Plaintiffs
        v. Seattle (9th Cir. 1992) 955 F.2d 1268        6, 12

Ingram v. The Coca-Cola Co.
        (N.D. Ga. 2001) 200 F.R.D. 685        8, 10

Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.
        (3d. Cir. 1973) 487 F.2d 161, 165        14

Lynn's Food Stores, Inc. v. United States
        (11th Cir. 1982) 679 F.2d 1350        5

Kirkorian v. Borelli
        (N.D. Cal. 1988) 695 F. Supp. 446        11

Maywalt v. Parker & Parsley Petroleum Co.
        (S.D.N.Y. 1997) 963 F.Supp. 310        14

Mullane v. Central Hanover Bank & Trust Co.
        (1950) 339 U.S. 306, 70 S. Ct. 652        12

Officers for Justice v. Civil Serv. Comm'n
        (9th Cir. 1982) 688 F.2d 615        5, 6, 9, 10

Parker v. Anderson
        (1982) 667 F.2d 1204, 1213        13

Phillips Petroleum Co. v. Shutts
        (1985) 472 U.S. 797, 70 S. Ct. 652        12

Sprague v. Ticonic National Bank
        (1939) 307 U.S. 161, 164        14

Swedish Hosp. Corp. v. Shalala
        (D.C. Cir. 1993) 1 F.3d 1261, 1266 to 1267        15

Van Bronkhorst v. Safeco Corp.
        (9th Cir. 1976) 529 F.2d 943        6, 11

Van Vranken v. Atlantic Richfield Co.
        (N.D. Cal. 1995) 901 F. Supp. 294        8

Weinberger v. Kendrick
        (2d Cir. 1982) 698 F.2d 61        10

Young v. Katz
        (5th Cir. 1971) 447 F.2d 431        10

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and
Costs to Class Counsel

**FEDERAL REGULATIONS/STATUTES**

Fed. Rule of Civ. P. 23     3, 4, 12

Fed. Rule of Civ. P. 54     18

**STATE REGULATIONS/STATUTES**

Cal. Code Civ. Proc.
     § 1021.5     2

Cal. Labor Code
     § 201     2
     § 202     2
     § 203     2
     § 218.5     2
     § 226     2
     § 226.7     2
     § 1194     2

**TREATISES**

Manual for Complex Litigation, Third (Fed. Judicial Center 1999)

     § 30.211     12
     § 30.41     4, 5
     § 30.42     5, 6, 8, 9

4 Newberg on Class Actions (4th ed. 2002):

     § 11.22     4
     § 11.25     4
     § 11.41     6, 11

Newberg, Attorney Fee Awards

     § 2.19 (1987)     18

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

Notice of Motion and Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Costs to Class Counsel

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

## PLAINTIFF'S NOTICE OF MOTION FOR
## FINAL APPROVAL OF SETTLEMENT

**NOTICE IS HEREBY GIVEN** that on February 27, 2006, at 10:00 a.m., or as soon thereafter as the matter may be heard at the above entitled Court, located at 1301 Clay Street Suite 400S, Oakland, California 94612, Representative Plaintiff Victoria A. Moore will and hereby does move this Court for entry of the proposed Judgment filed concurrently herewith:

(1)    finally approving the parties' class action settlement; and

(2)    awarding an incentive payment to Representative Plaintiff and attorneys' fees and costs to class counsel.

This Motion is based upon this Notice of Motion and Motion for Final Approval of Class Action Settlement; the accompanying Memorandum of Points and Authorities; the Declaration of Scott Edward Cole; the Declaration of Matthew R. Bainer; the Declaration of Victoria A. Moore; the other records, pleadings, and papers filed in this action; and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

By this Motion, Plaintiff Victoria A. Moore seeks final approval of her proposed class action settlement with Defendant Albertson's, Inc. ("Albertson's"). The proposed settlement ("Settlement") provides that Albertson's will pay up to $2,350,000.00, minus applicable taxes and withholdings, to the Class to resolve the Class Members' claims against Albertson's arising out of this action. This Settlement is an excellent result for the Class considering the very real impediments to class certification and/or recovery at trial.

The parties have made substantial efforts to ensure that all Class Members received the best practicable notice of the Settlement by retaining the professional services of Rust Consulting, Inc. to administer the notice and claim process. The administration process can be completed only upon approval of the Settlement. Plaintiff Victoria A. Moore therefore respectfully requests that the Court

1    approve the Settlement as fair, adequate and reasonable, and enter judgment accordingly to allow

2    for the prompt payment of the Class Members' claims.

3

4    **II.      PROCEDURAL BACKGROUND**

5            This case was filed as a class action by Representative Plaintiff Victoria Moore, on July 2,

6    2004, on behalf of herself and a Class of current and former Albertson's Drug Managers who

7    worked at Albertson's' retail stores within the State of California during the class period.  In her

8    Complaint, Plaintiff seeks unpaid overtime compensation and interest thereon, waiting time

9    penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under

10   California Labor Code §§ 201, 202, 203, 218.5, 226, 226.7 and 1194, various IWC Wage Orders and

11   CCP §1021.5.  Plaintiff also seeks injunctive relief and restitution under California Business and

12   Professions Code §§ 17200-17208.

13           In support of the parties' settlement discussions, Scott Cole & Associates, APC interviewed

14   dozens of class members and obtained written Declarations from a significant percentage of them.

15   Based on this information, Plaintiff's counsel was able to obtain a factual record of the amount of

16   overtime allegedly worked and the number of days the putative class members' claimed to be denied

17   meal and/or rest periods and other facts relating to certification and liability.  The investigation and

18   informal discovery process has been involved and thorough, placing the parties in an excellent

19   position to evaluate the merits and value of their lawsuit. (Bainer Decl., ¶ 8)

20           The parties mediated this case on March 18, 2005 with Alan R. Berkowitz, Esq., a highly-

21   qualified and experienced mediator who has successfully resolved similar wage and hour cases.  The

22   parties submitted mediation briefs, evidence and legal authorities to Mr. Berkowitz prior to the

23   mediation session.  All counsel were present at the mediation session, which lasted over thirteen

24   hours.  After serious and intense negotiations, the parties reached a tentative settlement, which was

25   thereafter memorialized in a memorandum of understanding.  Though the parties had a tentative

26   agreement as to the major terms of the agreement, several additional terms remained unresolved.

27   After additional arms'-length negotiations between counsel, the parties resubmitted this action to

28   mediation in front of Mr. Berkowitz on July 19, 2005.  After additional extensive negotiations, the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

parties were finally able to reach the Settlement Agreement which is the subject of this Application. (Bainer Decl., ¶ 8)

## III.    SUMMARY OF SETTLEMENT TERMS

The Settlement provides that Albertson's will create a Settlement Fund of $2,350,000.00[1] to compensate Plaintiff and the Plaintiff Class, composed of all Albertson's Drug Managers who worked as such at any time since July 2, 2000, through the date of the entry by the Court of the Order of Preliminary Approval and Certification of the Settlement Class, to pay Plaintiff's attorneys' fees and costs, and to compensate the named plaintiff for her service to the Class.[2]

As part of the Settlement, Victoria Moore and Class Members shall execute a full release of all claims, except for any claims for worker's compensation or unemployment compensation, against Albertson's.

## IV.    CLASS ACTION SETTLEMENT APPROVAL PROCEDURE

A class action may not be dismissed, compromised or settled without the approval of the Court.  (Fed. R. Civ. Proc., Rule 23[e])  The decision to approve or reject a proposed settlement is committed to the Court's sound discretion.  Accordingly, a court's decision to approve a class action settlement may be reversed only upon a strong showing of "clear abuse of discretion."  (See, Hanlon v. Chrysler Corp. [9th Cir. 1998] 150 F.3d 1011, 1026; Class Plaintiffs v. City of Seattle [9th Cir. 1992] 955 F.2d 1268, 1276 [in context of class action settlement, appellate court cannot "substitute {its} notions of fairness for those of the {trial} judge and the parties to the agreement," and will reverse only upon strong showing of abuse of discretion]).

Judicial proceedings under Federal Rule of Civil Procedure 23 have led to a defined

---

[1]    The payment will be made in the form of payment cards, fully transferable and exchangeable for Albertson's merchandise without obligation to purchase for a period of ten years.

[2]    Plaintiff's counsel will seek a fee of $600,000.00, i.e., approximately 25% of the common funds, plus reimbursement of expenses.  Plaintiff's counsel will also move the Court to approve payment of $20,000 to Victoria Moore in recognition of her services to the Class.  Defendant does not oppose the fee award or the risk/participation payments.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

procedure and specific criteria for settlement approval in class action settlements, described in the Manual for Complex Litigation, Third (Fed. Judicial Center 1999) ("Manual") § 30.41, at 263-264. The Manual's settlement approval procedure describes three distinct steps:

1.    Preliminary approval of the proposed settlement at an informal hearing;

2.    Dissemination of mailed and/or published notice of the settlement to all affected Class Members; and

3.    A "formal fairness hearing," or final settlement approval hearing, at which Class Members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

This procedure, commonly used by federal and state courts and endorsed by the class action commentator, Professor Newberg, safeguards class members' procedural due process rights and enables the court to fulfill its role as the guardian of class interests.  (See, 4 Newberg on Class Actions 4th [2002] § 11.22, at 33)

The first two steps of this process are complete.  This Court granted preliminary approval of the Settlement on November 3, 2005.  The purpose of the Court's preliminary evaluation of the Settlement was to determine whether it was within the "range of reasonableness" and, thus, whether a Class-wide notice campaign and the scheduling of a formal fairness hearing were worthwhile.  (4 Newberg § 11.25, at 38-39)  Since this Court has already determined that the proposed settlement is within the "range of reasonableness," the Court need now only review the benefits of class treatment of these claims to grant final approval to the settlement, if otherwise fair and reasonable, on a class basis.

The second step in the process was the dissemination of Class Notice.  In accordance with the Preliminary Approval Order, the parties have worked with Rust Consulting, Inc., the Court-approved Claims Administrator, to implement the Court-approved Notice Program, employing the best practicable means to disseminate to all Class Members notice of the terms of the Settlement, as well as the date and time of the final settlement approval hearing, which must be held before final approval can be granted.  (See, Fed. R. Civ. Proc., Rule 23[e])

The third and last step in the class action settlement approval process is the final approval

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

of the Settlement, after the hearing thereon, which is the subject of this Motion.  At the final approval hearing, Class Members will have an opportunity to be heard regarding the Settlement, and Class Counsel will present evidence and argument supporting the fairness, adequacy, and reasonableness of the Settlement.  (See, Manual § 30.41, at 263-264)  At the conclusion of the hearing, this Court must decide whether to grant final approval to the Settlement, and whether to enter a final Order and Judgment.

## V.       THE SETTLEMENT MERITS FINAL APPROVAL

Before approving the settlement of a collective action brought under the FLSA, a court must determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and ensure that the settlement is fair and reasonable.  (See, Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 [11th Cir. 1982]).  Similarly, Federal Rule of Civil Procedure 23(e), which governs the settlement of class actions, requires that a court approve the settlement by ensuring that the settlement is "fundamentally fair, adequate, and reasonable." (See, Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 [9th Cir. 1998])  Thus, for purposes of approving a settlement, cases interpreting Rule 23 are analogous and applicable to an FLSA action, and the same standard can be used to evaluate settlement of both the FLSA collective action claim and the California-based wage and hour class claims.

When considering a motion for final approval of a class action settlement under FRCP Rule 23, a court's inquiry is whether the settlement is "fair, adequate and reasonable." (See, Officers for Justice v. Civil Serv. Comm'n [9th Cir. 1982] 688 F.2d 615, 625, cert. denied sub nom., Byrd v. Civil Serv. Comm'n [1983] 459 U.S. 1217; accord, Manual § 30.42, at 264 ["In determining whether a settlement should be approved, the court must decide whether it is fair, reasonable, and adequate under the circumstances . . . ."])  A settlement is fair, adequate and reasonable, and therefore merits final approval, when "the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." (Manual § 30.42,  at 264)

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of formal litigation.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1   (See, 4 Newberg § 11.41, at 87-89 [and cases cited therein]; City of Seattle, 955 F.2d at 1276; Van

2   Bronkhorst v. Safeco Corp. [9th Cir. 1976] 529 F.2d 943, 950)  These concerns apply with particular

3   force in a case such as this, where an allegedly illegal practice affected hundreds of employees.

4        Although the Court possesses "broad discretion" in determining that a proposed class action

5   settlement is fair, the Court's role must be limited to the extent necessary to reach a reasoned

6   judgment that the agreement is not the product of fraud or overreaching by, or collusion between,

7   the negotiating parties, and that the Settlement, taken as a whole, is fair, reasonable and adequate

8   to all concerned.  (See, Officers for Justice, 688 F.2d at 625 [internal quotation marks omitted])

9   Accordingly, the Court should give due regard to what is otherwise a "private consensual

10  agreement" between the parties.

11       The inquiry must be limited to the extent necessary to reach a reasoned judgment that
         the agreement is not the product of fraud or overreaching by, or collusion between,
12       the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable
         and adequate to all concerned. Ultimately, the [trial] court's determination is nothing
13       more than an amalgam of delicate balancing, gross approximations and rough justice.

14  (Officers for Justice, 688 F.2d at 625; accord, Church v. Consol. Freightways, Inc. [N.D. Cal. May

15  3, 1993] No. C-90-2290-DLJ, 1993 U.S. Dist. LEXIS 6439; In re Wash. Pub. Power Supply Sys.

16  Sec. Litig. [D. Ariz. 1989] 720 F. Supp. 1379, aff'd sub nom., Class Plaintiffs v. Seattle [9th Cir.

17  1992] 955 F.2d 1268; Manual § 30.42, at 266. ["The court's role in settlement is limited . . . .  The

18  court may only approve or disapprove the settlement; it is not empowered to rewrite the agreement

19  between the parties."])  Moreover, a court's approval of a class action settlement will only be

20  reversed for a clear abuse of discretion.

21

22       A.       The Settlement is Presumed to Be Fair

23       The Court should begin its analysis with a presumption that the proposed Settlement is fair

24  and should be approved:

25               [A] presumption of fairness exists where:  (1) the settlement is
                 reached  through  arm's-length  bargaining;  (2)  investigation  and
26               discovery  are  sufficient  to  allow  counsel  and  the  court  to  act
                 intelligently; (3) counsel is experienced in similar litigation; and (4)
27               the percentage of objectors is small.

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1   (See, Ellis v. Naval Air Rework Facility [N.D. Cal. 1980] 87 F.R.D. 15, 18)  This presumption of

2   fairness exists here because the negotiations occurred at arms'-length, Class Counsel engaged in

3   extensive yet tailored discovery, Class Counsel is experienced in this type of litigation, and "the

4   percentage of objectors" is non-existent.

5        This Settlement resulted only after extensive investigation by Plaintiff's counsel, settlement

6   negotiations between Plaintiff's counsel and counsel for Albertson's and Plaintiff counsel's review

7   of the extensive documentation produced by Albertson's.  Additionally, Plaintiff's counsel requested

8   and Albertson's produced additional information on an informal basis in an effort to promote

9   settlement.  This work has allowed Class Counsel, who have substantial experience in litigating

10  wage and hour class actions, to assess the relative strengths and weaknesses of the Class' claims

11  against Albertson's and the benefits of the Settlement, taking into account relevant considerations,

12  including the value of a substantial and early settlement to the Class.  (See, Bainer Decl. ¶ 6)

13  Accordingly, it is appropriate for the Court to presume that the Settlement here is worthy of final

14  approval.

15

16      **B.      All of the Relevant Criteria Support Final Approval of the Settlement**

17       In deciding whether to grant final approval to a class action settlement, courts consider

18  several factors, including:  (1) the amount offered in settlement; (2) the risks inherent in continued

19  litigation; (3) the extent of discovery completed and the stage of the proceedings when settlement

20  was reached; (4) the complexity, expense and likely duration of the litigation absent settlement; (5)

21  the experience and views of Class Counsel; and (6) the reaction of Class members.  (See, Officers

22  for Justice, 688 F.2d at 624)  All of these criteria support final approval of the Settlement in this

23  case.

24

25      **1.      The Value of the Settlement Favors Final Approval**

26       Given that this Settlement creates a $2,350,000.00 Settlement Fund for approximately 128

27  class members, this Settlement provides a significant recovery to the Class and warrants final

28  approval.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1    The amount of the payment made to the named representative should also reflect the value

2    of the Settlement to the Class.  This payment is intended to recognize Victoria A. Moore's release

3    of claims, the time and effort she expended on behalf of the Class, as well as the risk she took in

4    advocating against the employment practices of her current employer (Albertson's).  "Courts

5    routinely approve incentive awards to compensate named plaintiffs for the services they provide and

6    the risks they incurred during the course of the class action litigation." (Ingram v. The Coca-Cola

7    Co. [N.D. Ga. 2001] 200 F.R.D. 685, 694 [quoting In Re Southern Ohio Correctional Facility {S.D.

8    Ohio 1997} 175 F.R.D. 270, 272; see also, Manual § 30.42 n.763 [noting that such awards "may

9    sometimes be warranted for time spent meeting with class members or responding to discovery."]).

10   In the Coca-Cola case, the Court approved incentive awards of $300,000 to each named plaintiff in

11   recognition of the services they provided to the class by responding to discovery, participating in

12   the mediation process and taking the risk of stepping forward on behalf of the class.  (Coca-Cola,

13   200 F.R.D. at 694; see, also Van Vranken v. Atlantic Richfield Co. [N.D. Cal. 1995] 901 F. Supp.

14   294 [approving $50,000 participation award.])  In Coca-Cola for example, the court also approved

15   a $3,000 payment for each person who provided an executed affidavit, which the court found to be

16   appropriate compensation for contributions to litigation that entailed risk and effort.  (Coca-Cola,

17   200 F.R.D. at 694)

18      In this case, the named representative produced many relevant documents, worked

19   aggressively to notify other class members of the nature of the action in the most accurate and

20   favorable light and worked closely with Class Counsel throughout the case.  Finally, Ms. Moore

21   executed a release of her claims against Albertson's.  Accordingly, the requested enhancement

22   award of $20,000 to Victoria A. Moore is an appropriate and justified part of the overall value of

23   the Settlement.

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

**2.      The Risks Inherent in Continued Litigation Against Defendant Favors Final Approval**

To assess the fairness, adequacy and reasonableness of a class action settlement, the Court must weigh the immediacy and certainty of substantial settlement proceeds against the risks inherent in continued litigation.  (Manual § 30.42, at 266 ["this analysis entails a comparison of the amount of the proposed settlement with the present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing"]; see, also Girsh v. Jepson [3d Cir. 1975] 521 F.2d 153, 157; In re Warner Communications Sec. Litig. [S.D.N.Y. 1985] 618 F. Supp. 735, 741, aff'd [2d Cir. 1986] 798 F.2d 35; Boyd v. Bechtel Corp. [N.D. Cal. 1979] 485 F. Supp. 610, 616-17)

This factor supports final approval here, where the Settlement affords the Class prompt, substantial relief, while avoiding significant legal and factual hurdles that otherwise may have prevented the Class from obtaining any recovery at all.  For example, Albertson's denies that it failed to pay overtime or to provide any of its current and former employees with meal and/or rest periods.  Albertson's also contends that a class action may not be properly maintained because individual issues predominate and a class action is not the superior means for adjudicating the issues here.  Albertson's has indicated that it would raise numerous opposing factual issues at trial regarding the alleged overtime and other wage and hour violations, and it was understood that this would likely include the testimony of experts, from whom adverse opinions were anticipated.

While Class Counsel believes the Class' claims are meritorious, they are experienced and realistic, and understand that the resolution of the foregoing and other key issues, the outcome of a trial, and the outcome of any appeals that would inevitably follow should the Class be successful at trial, are inherently uncertain in terms of both outcome and duration.  These risks must be considered in assessing the fairness of the Settlement, which guarantees against a result that would leave the Class without any recovery from Albertson's.  Because the Settlement provides immediate and substantial relief, without the attendant risks of continued litigation, it warrants this Court's approval.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

**3.     Adequate Discovery and Investigation Were Completed Prior to Settlement**

The extent of discovery completed at the time of settlement is a factor the courts consider in determining the fairness, adequacy and reasonableness of a settlement.  (See, In re Warner Comm., 618 F. Supp. at 741; Girsh, 521 F.2d at 157; Weinberger v. Kendrick [2d Cir. 1982] 698 F.2d 61, 74)  Because the parties engaged in substantial informal discovery prior to commencing settlement discussions, and these efforts were specifically tailored to the issues critical to the proposed settlement, the adequacy of discovery weighs in favor of approval in this case.

As previously detailed herein, the parties propounded informal discovery in this case. Plaintiff and her counsel communicated with putative Class Members, and interviewed some of them, in an effort to understand the factual nuances surrounding alleged wage and hour violations.

Thereafter, Class Counsel analyzed and summarized the findings and the information provided by Albertson's, information that proved critical to making informed damage estimations. Thus, Plaintiff's counsel negotiated the proposed Settlement over a period of more than six months, with ample knowledge as to the strengths and weaknesses of this case and the amounts necessary to fairly compensate Class Members for their damages as a result.

**4.     The Complexity, Expense and Likely Duration of Continued Litigation**

Another factor considered by courts in approving a settlement is the complexity, expense and likely duration of the litigation.  (Officers for Justice, 688 F.2d at 625; Girsh, 521 F.2d at 157)  In applying this factor, the Court must weigh the benefits of the Settlement against the expense and delay involved in possibly achieving an equivalent or more favorable result at trial.  (Young v. Katz [5th Cir. 1971] 447 F.2d 431, 434)

The general policy favoring settlements of class actions and other complex cases applies with particular force in this case.  Employment cases, and specifically wage and hour class actions, are expensive and time-consuming to prosecute.  That this is a class action further amplifies the economies of time, effort and expense achieved by this Settlement.  The alternative to a class action - individual litigation - would tax private and judicial resources over a period of years, and, given

Notice of Motion and Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Costs to Class Counsel

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1  the relatively modest amount of damages each Class Member has incurred, be uneconomical even

2  for those with the finances, sophistication, and tenacity to secure individual legal representation.

3  The Settlement, on the other hand, provides to all participating Class Members, regardless of their

4  means, substantial relief in a prompt and efficient manner.  Were the Court to deny final settlement

5  approval, the Class Members would be left without a remedy as a practical matter and courts across

6  the nation would have to address the issues presented here in a piecemeal, costly and time-

7  consuming manner.  The Settlement in this case is therefore consistent with the "overriding public

8  interest in settling and quieting litigation" that is "particularly true in class action suits."  (Van

9  Bronkhorst v. Safeco Corp. [9th Cir. 1976] 529 F.2d 943, 950 [footnote omitted]; 4 Newberg §

10  11.41, at 87-89 [citing cases])

11

12           **5.        The Experience and Views of Counsel Favor Final Approval**

13           Class Counsel supports the Settlement as fair, reasonable and adequate, and in the best

14  interest of the Class as a whole.  Indeed, Class Counsel believes this Settlement to be an excellent

15  result for the Class under circumstances which make a nominal recovery a very real possibility.

16  (See, Bainer Decl., ¶ 11)  Scott Cole & Associates, APC has substantial experience prosecuting

17  complex litigation and/or class action lawsuits and has prosecuted more than 40 such employment

18  class actions, many of which involved class-wide wage and hour claims similar to those at issue

19  here.  The endorsement of qualified and well-informed counsel of a settlement as fair, reasonable,

20  and adequate is entitled to significant weight.  (See, Ellis v. Naval Air Rework Facility [N.D. Cal.

21  1980] 87 F.R.D. 15, 18; Boyd, 485 F. Supp. at 616-17)

22

23           **6.        Class Members' Reaction Favors Final Approval**

24           A court may appropriately infer that a class action settlement is fair, adequate and reasonable

25  even when a small percentage of class members object to it.  Indeed, courts may even approve class

26  action settlements as fair, adequate and reasonable over the objections of a significant percentage

27  of class members.  (See, City of Seattle, 955 F.2d at 1291-96 [upholding trial court's grant of final

28  approval over class member objections]; see, also Kirkorian v. Borelli [N.D. Cal. 1988] 695 F. Supp.

446, 451 ["{A} settlement can be fair, notwithstanding opposition from a large segment of the class"]; In re Wash. Pub. Power Supply Syst. Sec. Litig., 720 F. Supp. at 1394-95 ["{A} settlement is not to be deemed unfair or unreasonable simply because a large number of class members oppose it."])  Here, no objections to the Settlement have been lodged.  The Court should construe the overwhelming non-opposition to the Settlement as a strong indication that Class Members support the Settlement as fair, adequate and reasonable.  No Class Members have objected to the amount of Settlement, the payment to the Class Representative to recognize her efforts on behalf of the Class, or the requested award of attorneys' fees and costs, all of which was included in the Notice sent to Class Members.  The Settlement therefore warrants final approval.

## VI.  THE COURT-ORDERED NOTICE PROGRAM IS CONSTITUTIONALLY SOUND AND HAS BEEN FULLY IMPLEMENTED

The Court possesses broad discretion in fashioning an appropriate notice program to protect the rights of absent Class Members.  Of course, the parties must provide the class with the best notice practicable of a potential class action settlement.  (Phillips Petroleum Co. v. Shutts [1985] 472 U.S. 797, 811-12, 70 S. Ct. 652 [provision of "best notice practicable" with description of the litigation and explanation of opt-out rights satisfies due process]; Eisen v. Carlisle & Jacquelin [1974] 417 U.S. 156, 174-175, 94 S. Ct. 2140 [individual notice must be sent to all class members who can be identified through reasonable efforts]; Mullane v. Central Hanover Bank & Trust Co. [1950] 339 U.S. 306, 314, 70 S. Ct. 652 [best practicable notice is that which is "reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections."])  "Rule 23 . . . requires that individual notice in [opt-out] actions be given to all class members 'who can be identified through reasonable efforts with others given the 'best notice practicable under the circumstances' . . . .  Due process does not require actual notice to parties who cannot reasonably be identified."  (See, Manual § 30.211, at 250 & n.709; see also, Eisen, 417 U.S. at 175-76)

This Court approved the Notice Program and form of Notice given in connection with the preliminary approval hearing, and Rust Consulting, Inc. has fully implemented the Notice Program.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1   The notice plan here entailed mailing the notice to all known and reasonably ascertainable Class

2   members based on Albertson's' payroll records, thereby allowing each of them an opportunity to

3   participate in the Settlement or elect not to do so.  Rust Consulting sent copies of the Notice to each

4   Class Member's address via first class mail, and fully administered the Notice process according to

5   this Court's Order granting preliminary approval of the Settlement.  (See, Rust Consulting Decl.,

6   [*to be filed with this court by February 17, 2006*])

7

8   **VII.   AN AWARD OF ATTORNEYS' FEES AND COSTS AS PROVIDED UNDER THE
         SETTLEMENT IS FAIR AND REASONABLE**

9

10      In the Settlement, Albertson's agreed, subject to Court approval, to pay Class Counsel an

11  award of reasonable attorneys' fees in the amount of $600,000.00, for work performed for the

12  benefit of the Class; plus reasonable costs.  This request comports with attorneys' fee awards issued

13  by other courts ruling on similar fee award requests.  Because the requested award is fully supported

14  by the factors courts consider in determining the reasonableness of attorneys' fee awards in class

15  action cases, Class Counsel respectfully submit that their request for attorneys' fees and costs is

16  appropriate.

17

18      **A.     The Trial Court has Wide Discretion Over the Amount of the Fee Award**

19      Appellate courts have long recognized that trial courts are ideally situated to assess the

20  quality and effect of class counsel's efforts, and have, thus, conferred considerable equitable

21  discretion upon trial courts to determine an appropriate fee award.  Because it is the trial judge who

22  is in the best position to evaluate the services rendered by an attorney in his courtroom, his judgment

23  will not be disturbed unless it is so clearly wrong as to constitute an abuse of discretion.  (Parker v.

24  Anderson [1982] 667 F.2d 1204, 1213)

25

26      **B.     The Fee Request Comports With the Standard Awards Issued by Other Courts**

27      In the context of class recoveries, Courts have long recognized the "common fund" or

28  "common benefit" doctrine, under which attorneys who create a common fund or benefit for a group

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1   of persons may be awarded their fees and costs.  The Supreme Court has held that a court has the

2   equitable power to award attorneys' fees and costs when a litigant proceeding in a representative

3   capacity secures a substantial benefit for a group.  (Sprague v. Ticonic National Bank [1939] 307

4   U.S. 161, 164) More recently, the United States Supreme Court has specifically endorsed the use

5   of the percentage of the fund method in paradigmatic common fund cases such as this one.  (Blum

6   v. Stenson [1984] 465 U.S. 886, 900 n.16, 104 S. Ct. 1541 ["... under the "common fund doctrine,"

7   . . . a reasonable {attorneys'} fee is based on a percentage of the fund bestowed on the class ...."])

8          Class Counsel commenced this action to recover overtime compensation for a class of

9   Albertson's employees who were allegedly misclassified as salaried-exempt.  This Settlement

10  constitutes the achievement of this goal.  As stated above, in settlement of this action, Albertson's

11  has agreed to create a $2,350,000.00 fund to compensate members of the Class and to pay associated

12  fees, costs and expenses.  Class Counsel request that they be paid their attorneys' fees and costs

13  based on the common benefit they have achieved for the Class. (See, Lindy Bros. Builders, Inc. of

14  Philadelphia v. American Radiator & Standard Sanitary Corp. [3d. Cir. 1973] 487 F.2d 161, 165)

15         Federal trial courts have awarded attorneys' fees calculated as percentages of  common

16  funds, many awarding percentages exceeding the 26% sought here.  (See, e.g., Beech Cinema, Inc.

17  v. Twentieth Century Fox Film Corp. [S.D.N.Y. 1979] 480 F.Supp. 1195 [approximately 53% of

18  settlement fund awarded];  Greene v. Emersons Ltd. [S.D.N.Y. 1987] Fed. Sec. L. Rep. 93263

19  [46.2% of common fund awarded]; Maywalt v. Parker & Parsley Petroleum Co. [S.D.N.Y. 1997]

20  963 F.Supp. 310 [noting that traditionally federal courts have awarded fees between 20% to 50%

21  of the common fund])

22         As the above cases demonstrate, attorneys' fee awards of up to one-half of common funds

23  are well-established by federal law and practice, even in cases where costs are awarded in addition

24  to fees.  Accordingly, the fee requested here is well warranted and is approved by the Class

25  Representative.  (Bainer Decl., ¶¶ 8-9)

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

**C.    The Requested Award is Supported by the Factors Courts Consider When Approving Requests for Attorneys' Fee Awards**

In weighing the propriety of an request for attorneys' fees, trial courts consider several factors to determine whether the requested fee award is warranted.  Those factors include:  (1) the contingent nature of the fee agreement, both from the point of view of eventual success on the merits and from the point of view of securing an award; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; (3) the experience, reputation, and ability of the attorneys who performed the services and the skill they displayed in litigation; (4) the amount involved and the results obtained; and (5) the informed consent of the client to the fee agreement.  (See, Swedish Hosp. Corp. v. Shalala [D.C. Cir. 1993] 1 F.3d 1261, 1266 to 1267)  Application of each of the factors identified above strongly favors granting the attorneys' fees and costs award requested by Class Counsel in this case.

**1.    Time and Labor Required**

The first consideration in awarding attorneys' fees is the time and labor Class Counsel have invested in the litigation.  Class Counsel has spent hundreds of hours prosecuting this litigation over the course of nearly two years.  (See, Bainer Decl., ¶ 8)  In so doing, Class Counsel minimized wasted effort and litigated this case as efficiently as possible.  Plaintiff's claim that Albertson's improperly denied meal and/or rest periods to the Class required the development of extensive factual evidence.  Class Counsel engaged in discovery specifically tailored to class certification issues in this case.  This factual development included investigating the work experiences of Albertson's employees, reviewing pertinent documents, interviewing witnesses and performing a substantial amount of legal analysis.

By its nature, wage and hour class litigation requires a large investment of time to determine the duties of class members, to identify and interview possible witnesses and experts and to routinely address complex procedural issues.  In this instance, once a factual record was developed here, Plaintiff still had to convince Albertson's of its litigation exposure and the benefits of settlement. Finally, Class Counsel had to negotiate a settlement that would maximize the recovery to the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1    Plaintiff Class.  Class Counsel respectfully submit that, given the results obtained, theirs has been

2    time and effort very well spent.

3

4            **2.        Contingent Nature of the Case**

5            Federal courts have recognized that attorneys' fee awards should be enhanced to compensate

6    attorneys for the risks of loss involved in contingency cases.  (See, In re Synthroid Marketing

7    Litigation [7th Cir. 2001] 264 F.3d 712, 718)  From the outset of this case, prosecution of this action

8    has involved significant financial risks for Class Counsel.  Class Counsel undertook this matter

9    solely on a contingent basis, with no guarantee of recovery of fees or even reimbursement of costs

10   and no guarantee as to the potential duration of this litigation.  (See, Bainer Decl., ¶ 7)  As discussed

11   above, while Class Counsel believe the claims in this case are meritorious, they recognize the legal

12   and factual challenges involved in any complex litigation of this nature.  Accordingly, from the

13   outset this case has involved multiple factual and legal hurdles to success, making Class Counsel's

14   work all the more contingent.

15

16           **3.        Preclusion of Other Employment**

17           As case law recognizes, Class Counsel's commitment to this litigation should not be assessed

18   in a vacuum.  The time necessarily spent to resolve this case prevented Class Counsel from pursuing

19   other work at the same hourly rates as demonstrated here.  (See, Bainer Decl., ¶ 10)  Indeed, Scott

20   Cole & Associates, APC devoted a substantial number of hours to litigating this action against

21   Albertson's.  As such, additional work was available that Class Counsel had to forego to devote the

22   time necessary to pursue this litigation.

23

24           **4.        The Experience, Reputation and Ability of Counsel, and the Skill They
                          Displayed in Litigation**

25

26           The experience and ability of Class Counsel were essential to success in this litigation.  Class

27   Counsel had to develop an extensive factual record and research a reasonably undeveloped area of

28   California law in an effort to obtain the evidence needed to convince Albertson's of the threat of

Notice of Motion and Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and
Costs to Class Counsel

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1  class certification and liability against the company in this case.  Only counsel well versed in class

2  action litigation and wage and hour law could have effectively marshaled the evidence and presented

3  it within the proper legal framework to produce the settlement achieved here.

4   Scott Cole & Associates, APC has many years of experience litigating class actions and wage

5  and hour/employment matters, having prosecuted more than 40 of them.  (<u>See</u>, e.g., Cole Decl., Ex.

6  "A")  Because of its experience and its almost-exclusive dedication to prosecuting wage and hour

7  class actions, the quality of representation by Class Counsel here far exceeds the quality of

8  representation that would have been provided by attorneys billing at similar hourly rates, but without

9  such experience.

10   Moreover, the reputation of Class Counsel was crucial to secure a good recovery here.  A

11  danger existed that Albertson's might refuse to settle on fair terms, in light of its apparent confidence

12  that it granted Class Members their meal and/or rest periods properly under California law.  In the

13  face of this threat, Class Counsel's history of aggressive, successful prosecution of similar cases

14  made credible its commitment to pursue this action through trial, and beyond, in order to provide

15  a fair result for the Class.  Class Counsel's proven record added significantly to the value of this

16  case.

17

18     **5. The Results Achieved**

19   As discussed above, this proposed class action settlement provides an excellent recovery for

20  the Class under the circumstances of this case.  The settlement fund provides for a total recovery of

21  approximately $195.00 *per <u>week</u> worked* by each Class Member, for an average total recovery of

22  18,360.00 per Class Member.  This recovery is a remarkable achievement on behalf of the class and

23  amply supports Class Counsel's request for attorneys' fees.

24

25     **6. The Informed Consent of the Client**

26   The agreement of the Representative Plaintiff to enter a contingency fee arrangement for the

27  benefit of the Class she represents supports the requested attorneys' fee award.  (<u>In re Synthroid</u>

28  <u>Marketing Litigation</u>, 264 F.3d at 720 [holding that contingency fee agreement is a factor in attorney

1   fee award])  As noted above, Class Counsel pursued this litigation on a purely contingent basis.

2   (See, Bainer Decl., ¶ 7)  Class Counsel bore all of the risk, not only for their time, but also for the

3   costs they incurred on behalf of the Class.  Moreover, each Class Member was fully apprized of the

4   amount of attorneys' fees and costs that would be requested under the Settlement.

5

6   **D.    Class Counsel's Costs Are Reasonable and Were Incurred to Benefit the Class**

7          In the course of this litigation, Scott Cole & Associates, APC necessarily incurred substantial

8   costs in the form of legal and factual research, photocopies, faxes, postage and telephone charges

9   totaling $4,591.52  as of the date of filing of this Motion.  The firm will also incur additional

10  expenses of approximately $500.00 in monitoring the settlement.  However, Scott Cole & Associates

11  seeks to recover only $3,500.00 of its total costs.  (See, Bainer Decl., ¶ 9)  Such costs are appropriate

12  for reimbursement in this type of case.  (See, Fed. R. Civ. Proc., Rule 54[d][1]; In re United Energy

13  Corp. Sec. Litig. [C.D. Cal. 1989] 1989 WL 73211 [quoting Newberg, Attorney Fee Awards § 2.19

14  [1987]).  As one commentator has noted, "the prevailing view is that expenses are awarded in

15  addition to the fee percentage."  (See, Conte, Attorney Fee Awards, § 2.08 at 50-51 [2d ed. 1977];

16  see, also In re Warner, 618 F. Supp. 735; In re GNC Shareholder Litigation [W.D. Pa. 1987] 668 F.

17  Supp. 450, 452)  The costs incurred by Class Counsel in this litigation served to benefit the Class,

18  therefore Class Counsel's request for reimbursement is both reasonable and appropriate.

19

20  **VIII.  CONCLUSION**

21         For all of the foregoing reasons, Plaintiff respectfully requests that this Court grant final

22  approval to the Settlement, approve Class Counsel's request for an award of $600,000.00 in

23  reasonable attorneys' fees, plus incurred and anticipated costs of $3,500.00, award the Class

24  Representative the sum of $20,000.00 for her services to the Class, approve the payment of the

25  appropriate fees of the Claims Administrator, and enter a final order and judgment accordingly.

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800



Dated: January 23, 2006

**SCOTT COLE & ASSOCIATES, APC**

By:   /s/ Matthew R. Bainer
      Matthew R. Bainer, Esq.
      Attorneys for the Representative Plaintiff
      and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Notice of Motion and Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and
Costs to Class Counsel