```
 1  AKIN GUMP STRAUSS HAUER & FELD LLP
    KAREN J. KUBIN (SBN 71560)
 2  580 California Street, Suite 1500
    San Francisco CA  94104
 3  Telephone:  (415) 765-9500
    Facsimile:   (415) 765-9501
 4
    Attorneys for Defendant
 5  ALBERTSONS, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA A. MOORE, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS, INC., a Delaware corporation, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. C 04 3731 TEH<br><br>**STIPULATION AND ORDER TO CORRECT NOTICE OF FINAL APPROVAL OF SETTLEMENT AND CLAIM FORM** |

This Stipulation is made with reference to the following facts:

1. In the course of preparing the Notice of Final Approval of Settlement and Claim Form ("Notice") for mailing to the settlement class, an error was found in the Notice as approved by the Court, to wit., a sentence was omitted from page 4 of the Notice which is highlighted on the attached copy of the Notice;

2. Although the omitted sentence is included in the parties' Stipulation of Settlement, which controls, the parties believe it should be included in the Notice to avoid any confusion that the omission might otherwise cause.

NOW, THEREFORE, it is hereby stipulated by and between the parties to the above-captioned action, through their respective counsel, that the Notice should be corrected to include the highlighted sentence appearing on page 4 of the Notice attached as Exhibit A to this Stipulation and Order.

Dated: May 8, 2006

SCOTT COLE & ASSOCIATES, APC

By: _____
         Scott Cole

Attorneys for Plaintiff
VICTORIA A. MOORE

Dated: May 8, 2006

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
         Karen J. Kubin

Attorneys for Defendant
ALBERTSONS, INC.

GOOD CAUSE APPEARING, IT IS SO ORDERED.

Dated: ___05/09/06_____



Hon. Thelton E. Henderson
United States District Judge

SCOTT COLE & ASSOCIATES, APC
SCOTT EDWARD COLE (SBN 160744)
CLYDE H. CHARLTON (SBN 127541)
MATTHEW R. BAINER (SBN 220972)
1970 Broadway, Suite 950
Oakland, California 94612
Telephone:   (510) 891-9800
Facsimile:   (510) 891-7030

Attorneys for Plaintiff
VICTORIA A. MOORE

AKIN GUMP STRAUSS HAUER & FELD LLP
KAREN J. KUBIN (SBN 71560)
580 California Street, Suite 1500
San Francisco CA  94104
Telephone:   (415) 765-9500
Facsimile:   (415) 765-9501

Attorneys for Defendant
ALBERTSONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA A. MOORE, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS, INC., a Delaware corporation, and DOES 1-25, inclusive,<br><br>Defendants. | Case No. C 04 3731 TEH<br><br>**NOTICE OF FINAL APPROVAL OF SETTLEMENT AND CLAIM FORM** |

*Exhibit A*

TO: All persons employed as Drug Managers by Albertsons, Inc. in one or more of Albertsons' California retail supermarkets and classified as overtime-exempt employees and who (a) worked in excess of eight hours per workday and/or in excess of forty hours per workweek at any time from July 2, 2000 through April 10, 2006, and (b) did not receive premium (overtime) pay for all excess hours worked thereby in any given workday or workweek; and all persons employed as Drug Managers by Albertsons, Inc. in one or more of Albertsons' California retail supermarkets who were denied statutorily-mandated meal and/or rest periods at any time from January 1, 2001 to April 10, 2006 and who did not receive payment therefor, including payment pursuant to California Labor Code §§ 226.7 and/or 512. Excluded from this class is anyone who timely and validly requested exclusion from this class pursuant to the Notice of Preliminary Approval and Final Approval Hearing and Right to be Excluded from the Class, which was issued on November 18, 2005.

If you meet the definition above and are not excluded, you are a class member bound by the settlement.

## NOTICE OF FINAL APPROVAL OF SETTLEMENT

The purpose of this notice is to inform you that you may be a member in the above-entitled class action and that the Court has approved the settlement of this lawsuit. Because you have chosen not to be excluded from the settlement, you are bound by the terms of the Stipulation of Settlement. A final approval hearing regarding the proposed settlement of this class action was held on February 27, 2006, at 10:00 a.m., before the Honorable Thelton E. Henderson, in the United States District Court for the Northern District of California. The Court has ruled that the settlement is fair, reasonable and adequate and has given final approval to the settlement.

You should read this Notice to determine whether your rights are affected and how to file a Claim Form, if you choose to do so.

- 1 -
NOTICE OF FINAL APPROVAL OF SETTLEMENT AND CLAIM FORM

## SUMMARY OF LITIGATION

On July 2, 2004, plaintiff Victoria A. Moore filed a putative class action lawsuit against Albertsons, Inc. in Alameda County Superior Court, *Victoria A. Moore, et al. v. Albertsons, Inc.,* Case No. RG 04163895, alleging that Albertsons violated the California Labor Code, California Industrial Welfare Commission Wage Orders and California Unfair Competition Law by improperly classifying its salaried drug managers as exempt from state overtime requirements, failing to provide them with meal and rest periods and failing to keep adequate records of the hours they worked, and seeking damages, penalties, interest, equitable relief, and attorneys' fees and costs. On September 3, 2004, the case was removed to the United States District Court for the Northern District of California based on diversity jurisdiction. *Victoria A. Moore, et al. v. Albertsons, Inc.,* Case No. C 04 3731 TEH.

Defendant denies plaintiff's allegations and contends that its salaried drug managers in California are properly classified as exempt under California law. Further, Defendant denies that the lawsuit would have been appropriate for class treatment under Federal Rule of Civil Procedure 23(a) and (b), except pursuant to a settlement, because of the intractable management problems that would have been associated with classwide litigation.

On March 18, 2005, and July 19, 2005, the parties engaged in mediation before Alan R. Berkowitz, Esq. and reached a settlement, the terms of which were summarized in the Notice of Preliminary Approval of Settlement and Final Approval Hearing and Right to Be Excluded From the Class, which was mailed to you on November 18, 2005, and summarized again herein.

## SETTLEMENT

The parties have entered into a Stipulation of Settlement which is summarized in this section. This summary serves only to give notice to class members under Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1)(B). As such, the summary in no way modifies or supersedes any provision within the Stipulation of Settlement, and nothing in this summary constitutes a term or condition of the Stipulation of Settlement. A full copy of the Stipulation of Settlement

may be examined during regular office hours in the office of the Clerk of Court. Terms used in this notice have the meaning assigned to them in the Stipulation of Settlement.

Class Recovery: Defendant agrees to pay up to a maximum of $2,350,000.00, which assumes 100% of all class members eligible to file claims will file timely and proper claims under the claims procedure, and includes (1) all amounts to be paid to participating Class Members who file Approved Claims; (2) an amount not to exceed $75,000 Defendant must pay for taxes because of amounts paid to participating Class Members; (3) an enhancement for Plaintiff of $20,000; (4) all costs associated with notices to the Class; (5) the costs of administering the Claims Procedure and distribution of Individual Settlement Amounts to Class Members; (6) reasonable attorneys' fees to be paid to Plaintiff's Counsel, up to a maximum of $600,000, as approved by the Court; and (7) expenses and costs, if any and in any event not to exceed $3,500, as approved by the Court. The maximum payout will be less than $2,350,000 if less than 100% of class members eligible to file timely and proper claims do so, and in no case will the maximum payout exceed $2,350,000.

Class members eligible to submit a claim and receive an Individual Settlement Amount are only (1) those Drug Managers who (a) worked in excess of eight hours per workday and/or in excess of forty hours per workweek at any time between July 2, 2000 and April 10, 2006 and (b) did not receive premium (overtime) pay for all excess hours worked thereby in any given workday or workweek; or (2) those Drug Managers who were denied statutorily-mandated meal and/or rest periods at any time between January 1, 2001 and April 10, 2006 and who did not receive payment therefor, including payment pursuant to California Labor Code §§ 226.7 and/or 512.

For each class member who files a timely and proper Claim Form, the Claims Administrator will determine an Individual Settlement Amount to be paid to that class member which will be determined by the following formula: subtracting from the maximum payment of $2,350,000 (a) all attorneys' fees and costs and expenses of litigation approved by the Court and awarded to Plaintiff's Counsel, (b) the $20,000 enhanced payment for Plaintiff, (c) tax

costs incurred by Defendant because of amounts paid to participating Class Members up to a maximum of $75,000 and (d) all fees to be paid to the Claims Administrator associated with notices to the class and the administration of the Stipulation of Settlement and all costs associated with the distribution of Individual Settlement Amounts to Class Members. The Claims Administrator will divide the remainder from that calculation by the total number of weeks worked by all salaried Drug Managers during the Claims Period. The Individual Settlement Amount for each Class Member who files a timely and proper Claim Form will then be calculated by multiplying this amount by the number of Work Weeks in the position of Drug Manager by the Class Member during the Claims Period. Based on defendant's payroll records, the Claims Administrator will determine the total number of Work Weeks by Drug Managers during the Claims Period.

Payments of Individual Settlement Amounts will be made in Albertsons Payment Cards, which can be used to purchase any product in an Albertsons or Sav-On store, unless prohibited by law. The Payment Card will expire and have no value after ten (10) years from the date it is issued. The Payment Card may not be exchanged for cash.

Claims Procedure:

Only class members who submit timely and proper Claim Forms will be eligible to receive an Individual Settlement Amount. The class member must submit an original Claim Form, signed under penalty of perjury, and provide his social security number and remaining information requested on the Claim Form. Each Claim Form clearly indicates the date of mailing. No Claim Form will be honored if postmarked more than sixty (60) days after the date of mailing on the Claim Form.

After the Claims Administrator computes the Individual Settlement Amounts, he will mail to each class member who has submitted a timely and proper Claim Form a Payment Card containing the net Individual Settlement Amount after withholding all taxes and other payroll deductions required by law.

- 4 -

NOTICE OF FINAL APPROVAL OF SETTLEMENT AND CLAIM FORM

- 5 -

If a class member wishes to dispute the Individual Settlement Amount, he shall return all Payment Cards to the Claims Administrator in the original, sealed container postmarked within thirty (30) days of the date of mailing of the Payment Cards by the Claims Administrator to the class member, and provide the Claims Administrator documentation establishing that the calculation of the Individual Settlement Amount by the Claims Administrator is inaccurate. The Claims Administrator shall consider the materials submitted by the class member, and determine the correct Individual Settlement Amount based on the documentation submitted by the class member and the Defendant's payroll records. The Claims Administrator's decision will be final and not subject to any appeal.

### WHAT CLASS MEMBERS SHOULD DO TO MAKE A CLAIM:

If you are a class member and wish to participate in the recovery, you must complete and return by U.S. Mail the enclosed Claim Form postmarked within sixty (60) days of the date of mailing indicated on the Claim Form. All Claim Forms must be sent to:

Claims Administrator
*Moore v. Albertsons, Inc.*
Rust Consulting, Inc.
501 Marquette Avenue, Suite 700
Minneapolis, Minnesota 55402

### ADDITIONAL INFORMATION

The information contained in this notice is only a summary of the Litigation. For more detailed information, you may review the pleadings and all other records of this Litigation at any time during regular office hours in the office of the Clerk of Court.

DO NOT CONTACT THE COURT OR THE CLERK OF COURT. ADDRESS ALL INQUIRIES TO YOUR OWN ATTORNEY OR TO COUNSEL FOR THE PLAINTIFF CLASS.

- 6 -

| | |
|---|---|
| 1  Dated: _____ | /s/ Thelton E. Henderson |
| 2 | Hon. Thelton E. Henderson |
|   | United States District Court Judge |